IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

FILED
AUG 19 2021
U.S. DISTRICT COURT
DISTRICT OF DELAWARE

JAMARR CANNON
  PLAINTIFF,

V.                                          Civil Action No.

Centurion, Dr. ADAH Emilia,                 21-1190
Ihuoma, Department of
correction, Jane Doe
Jane Doe. All individual
and offical capacity,
            Defendants.

## COMPLAINT WITH JURY DEMAND

## Introduction

This is a civil rights action filed by JAMARR CANNON, a state prisoner, for damages and injunctive relief under 42 U.S.C. 1983, Alleging denial of Adequate medical care in violation of the Eight Amendment to the United States

Constitution.

## Jurisdiction

1. The court has jurisdiction over the plaintiff's claims of violation of federal constitutional rights under 42 U.S.C. 1331 (1) and 1343.

## Parties

2. The plaintiff, Jamarr Cannon, was incarcerated at James T. Vaughn Correctional Center ("J.T.V.C.C.") during the events described in this complaint.

3. The defendants, Medical Department (Centurion), Dr. Adah Emilia, Ihuoma, Department of Correction, Jane Doe, Jane Doe, Centurion medical staff are employed at J.T.V.C.C. They are being sued in their individual and offical capacity.

4. All defendants have acted and continued to act, under

the color of state law at all times relevant in this complaint.

Facts

5. On September 16, 2020, the plaintiff was transferred from SCI Dallas prison to J.T.V.C.C.

6. Prior to being transferred from SCI Dallas, on September 9, 2020 the plaintiff signed a medical release form to J.T.V.C.C.

7. On September 16, 2020, the plaintiff's medical records from SCI dallas arrived at J.T.V.C.C. with plaintiff.

Denial of adequate medical care

8. On September 16, 2020 immediately after plaintiff arrived at J.T.V.C.C. the plaintiff's lisinopril blood pressure medication was changed from 20 mg twice a day to 20 mg once a day. 1 week later the plaintiff notified RN Amy Malkin

About the plaintiff's medication being changed without the plaintiff seeing a doctor. The next day the medication was changed back.

9. On September 25, 2020 plaintiff submitted a sick call slip for visual problems. RN Joanna Bampo was unable to see plaintiff due to non availability of Snellen chart.

10. On September 26, 2020 plaintiff submitted a sick call slip for visual problems. RN Andrew Gallaher was unable to see plaintiff due to non availability of Snellen/Rosenbaum chart.

11. On September 30, 2020 plaintiff submitted a sick call slip requesting eye exam and glasses. RN Amy Malkin was unable to perform eye exam at that time due to no Snellen eye chart.

12. On October 2, 2020 RN John Barnas closed the plaintiff sick call. The plaintiff eyes where never checked.

13. On October 29, 2020 plaintiff submitted another sick call slip concerning blurry vision. Kwame Tuffuor refused to see plaintiff.

14. On October 31, 2020 plaintiff filed a grievance about plaintiff needing eyes glasses and medical records.

15. On December 9, 2020 LPN Kristen Scott pushed the grievance to level 2 and forwarded old Rx to optometry to have another pair of glasses made.

16. On January 8, 2021 plaintiff received Rx glasses. Jessica Yerkes delivered the glasses.

17. After plaintiff explained to Jessica Yerkes that the Rx glasses were not correct Rx, Jessica Yerkes advised

plaintiff to take the Rx glasses wear them for a few days and if plaintiff eyes don't adjust notify medical.

18. On January 8, 2021 plaintiff submitted a sick call for Teeth. Triaged by: Charles Thelma M MRCir. plaintiff was not seen.

19. On January 14, 2021 M.G.C. denied plaintiff grievance.

20. On January 19, 2021 plaintiff appealed the M.G.C. decision.

21. On February 8, 2021 plaintiff submitted sick call for Teeth. plaintiff was not seen.

22. On February 8, 2021 plaintiff was seen by RN Jim Penix for severe back pain. Plaintiff was reffered to Physican/Mid level. RN Jim Penix noted: Impaired Physical mobility, Alteration in comfort.

23. On February 10, 2021 plaintiff was seen by Ihuoma. Plaintiff complained of extreme back pain.

24. Plaintiff explained that he had chronic pain in back. Plaintiff also explained that he had polycystic kidney disease.

25. Plaintiff explained that his complaints have been verified and if Ihuoma reviewed his records from PA she could see it.

26. Ihuoma refused to review the medical records from PA, never examined plaintiff's back and prescribed plaintiff Motrin.

27. On February 11, 2021 plaintiff's mother called J.T.V.C.C. about medical issue. Plaintiff mother also requested plaintiff medical records.

28. Plaintiff mother was informed that plaintiff needed to sign a medical release form.

29. On February 13, 2021 plaintiff submitted sick call for

medical release form.

30. On February 13, 2021 plaintiff wrote grievance about Ihuoma prescribing motrin to plaintiff with polycystic kidney disease.

31. On February 17, 2021 plaintiff was seen by Emilia ADAH. Emilia ADAH refused to view plaintiff P.A. medical records.

32. Emilia ADAH refused to exam plaintiff back and ignored plaintiff complaint of extreme back pain.

33. On February 22, 2021 plaintiff was seen again for same back issue by RN Jim Penix. Was referred back to the provider.

34. On February 24, 2021 plaintiff was seen by Emilia ADAH again for same back pain. She refused to treat and refused to view P.A. medical records to confirm plaintiff issue.

35. Emilia ADoH Told plaintiff THAT His Kidney's is fine And He can Take motrin.

36. On February 24, 2021 plaintiff wrote grievance about back issue.

37. On March 5, 2021 plaintiff medical Records where mailed To plaintiff mother.

38. Plaintiff mother mailed medical Records To plaintiff on April 12, 2021.

39. The P.A. medical Records THAT plaintiff signed A Release of information for To J.T.V.C.C. prior To being Transferred back To J.T.V.C.C. was Removed.

40. On April 12, 2021 Plaintiff Filed A grievance for medical Records from P.A.

41. On April 20, 2021 plaintiff grievance was Returned

unprocessed.

42. Some time in March 2021 plaintiff was seen by the dentist. An x-ray was performed.

43. Dentist informed plaintiff that he had two cavities.

44. A week later plaintiff was brought in for a cleaning.

45. A partial cleaning was performed.

46. A month later another partial cleaning was performed.

47. Plaintiff was assured to be brought back to finishing cleaning. That never happened.

48. On June 7, 2021 plaintiff submitted a sick call for his teeth to be finished being cleaned. Plaintiff was never seen.

49. On July 6, 2021 plaintiff submitted a sick call for toothache. Plaintiff was never seen.

50. Plaintiff cavities have not been filled.

51. Plaintiff is being stone walled from his P.A. medical records.

52. Plaintiff is receiving inadequate medical care. Every issue plaintiff complain of is verified in the P.A. medical records. No one is willing to review the P.A. medical records. No one is willing to attempt to verify any issue plaintiff complain of.

53. The records with the proof is being withheld from plaintiff.

54. Plaintiff is entitled to a specialist in polycystic kidney disease.

55. Plaintiff is entitled to proper eye glasses.

56. Plaintiff is entitled to treatment of back.

57. Plaintiff is entitled to P.A. medical records in possession.

58. On information and belief if plaintiff is not promptly provided with adequate medical care he risk permanent damage.

Exhaustion of Administrative Remedies

59. All plaintiff claims are exhausted through grievance process.

Claims For Relief

60. The actions of all defendants amount to deliberate indifference in violation of the eight Amendment of the United States Constitution.

Relief Requested

WHEREFORE, plaintiff requests that the court grant the

Following Relief:

A. Issue a declaratory judgement stating that:

1. Defendant's actions in failing to provide adequate medical care for plaintiff violated, and continue to violate, the plaintiff's rights under the Eight Amendment to the United States Constitution.

B. Issue an injunction ordering defendants or their agents to:

1. Immediately arrange for plaintiff's cavities to be filled.

2. Immediately arrange for plaintiff's eye's to be properly cared for and to receive proper Rx glasses.

3. Immediately arrange for plaintiff to see kidney specialist for polycystic kidney disease.

4. Immediately arrange for plaintiff to receive proper

Treatment for bone spurs in plaintiff back.

5. Immediately provide plaintiff with medical records from P.A. Prison. They are in DOC possession.

C. Award compensatory damages in the following amounts:

1. 50,000 jointly and severally against defendants for physical and emotional injury resulting from their failure to provide adequate medical care to the plaintiff.

D. Award punitive damages in the following amounts:

1. 10,000 each defendant

E. Grant such other relief as it appear that plaintiff is entitled.

Respectfully Submitted,
JAMARR CANNON #279186
1141 Paddock Rd.
Smyrna, DE 19977

I/M Jamarr Cannon

SBI# 279186    UNIT W

**JAMES T. VAUGHN CORRECTIONAL CENTER**
**1181 PADDOCK ROAD**
**SMYRNA, DELAWARE  19977**





Clerk of The Court
United States District Court of Delaware
844 N. King ST. Unit 18
Wilmington, De
                    19401